1  BENJAMIN B. WAGNER
   United States Attorney
2  SAMUEL WONG
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2772

5  Attorneys for Plaintiff
   United States of America
6

7              IN THE UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9
   UNITED STATES OF AMERICA,              CASE NO. 2:09-CR-407 KJM
10
                   Plaintiff,             DEFERRED PROSECUTION AGREEMENT AND
11                                        ORDER RE DEFENDANT JESUS MUNOZ-
                v.                        CASTANON
12
   MARIA DEL ROCIO ARCEO-RANGEL, ET      DATE: October 14, 2015
13 AL.,                                   TIME: 9:00 a.m.
                                          COURT: Hon. Kimberly J. Mueller
14                 Defendants.

15

16         Plaintiff United States of America, by its counsel, Benjamin B. Wagner, United States Attorney

17 for the Eastern District of California, and Samuel Wong, Assistant United States Attorney, on the one

18 hand, and defendant Jesus Munoz-Castanon ("you" or "defendant"), who is represented by his attorney,

19 Carl Larson, Esq., on the other hand, stipulate to the entry of the following Deferred Prosecution

20 Agreement reached after negotiations.

21                              **AGREEMENT TERMS**

22         It appearing to the United States that you have committed an offense against the United States in

23 that you have been charged with violating in the State and Eastern District of California 18 U.S.C. § 3,

24 accessory after the fact, knowing that offenses against the United States had been committed, to wit:

25 conspiracy to manufacture marijuana plants as set forth in Count One of the Indictment, and the

26 manufacture of marijuana plants as set forth in Count Two of the Indictment, did assist the offenders,

27 co-defendants Luis Renee Estrada Castanon, aka Jesus Estrada Pineda; Walter Maruicio Lopez-Perez;

28

                                            1

DEFERRED PROSECUTION AGREEMENT RE:
JESUS MUNOZ-CASTANON

1  Gumersindo Perez-Herrea; Jorge Heriberto Andrade-Torres; and Ricardo Castallanos-Cordova, in order

2  to hinder or prevent their apprehension for committing the drug crimes. Defendant has reviewed the

3  Indictment with his attorney and understands the charge against him.

4  Upon accepting responsibility for your behavior and by your signature on this Agreement, it

5  appearing, after an investigation of the offense and your background, that the interest of the United

6  States and your own interest, and the interest of justice will be served by the following procedure,

7  therefore,

8  On the authority of the Attorney General of the United States, by Samuel Wong, Assistant

9  United States Attorney for the Eastern District of California, prosecution in this district for this offense

10  shall be deferred until October 12, 2016, provided you abide by the following conditions and the

11  requirements of this Agreement set out below. During the time period until October 12, 2016, the

12  prosecution of your case shall be stayed for the purpose of allowing you to demonstrate your good

13  conduct within the meaning of 18 U.S.C. § 3161(h)(2), so long as you comply with the conditions of this

14  Agreement.

15  Should you violate the conditions of this Agreement, the Assistant United States Attorney may

16  revoke or modify any conditions of the diversion program of this Deferred Prosecution Agreement or

17  change the period of supervision, which shall in no case extend beyond October 12, 2016. The Assistant

18  United States Attorney may release you from supervision at any time. The Assistant United States

19  Attorney may at any time within the period of your supervision initiate prosecution for this offense

20  should you violate the conditions of this Agreement. In this case, he will furnish you with notice

21  specifying the conditions of the Agreement which you have violated.

22  After successfully completing your diversion program and fulfilling all the terms and conditions

23  of the Agreement, no prosecution for the offense set out in this Agreement will be instituted in this

24  district, and the charge against you will be dismissed without prejudice.

25  Neither this Agreement nor any other document filed with the Assistant United States Attorney

26  as a result of your participation in the diversion program will be used against you, except for

27  impeachment purposes, in connection with any prosecution for the above-described offense.

28

2

DEFERRED PROSECUTION AGREEMENT RE:
JESUS MUNOZ-CASTANON

**GENERAL CONDITIONS FOR PRETRIAL DIVERSION**

1.     You shall not violate any law (federal, state and/or local). You shall immediately contact the United States Attorney's Office through your defense counsel if arrested and/or questioned by any law enforcement officer.

2.     You shall cooperate fully with the United States and any other federal, state, or local law enforcement agency, as directed by the United States. As used in this Deferred Prosecution Agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the United States through defendant's attorney of record, compelled by subpoena for defendant's appearance served on defendant's attorney of record, or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the United States; (4) not to participate in any criminal activity while cooperating with the United States; and (5) to disclose to the United States the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

3.     You shall attend school or work regularly at a lawful occupation. You shall notify the United States Attorney's Office of your place of schooling, employment, and permanent residence through your defense counsel. You shall notify the United States Attorney's Office of any change in your permanent residence within 15 days of the change in residence through your defense counsel.

4.     If deported from the United States, you shall continue to live outside the United States unless permitted to enter the United States by the Attorney General of the United States and/or the Secretary of the Department of Homeland Security.

5.     If you are permitted to enter the United States by the Attorney General of the United States and/or the Secretary of the Department of Homeland Security, and/or re-enter the United States unlawfully:

a.     You shall upon any re entry into the United States, notify the United States Attorney's

3

DEFERRED PROSECUTION AGREEMENT RE:
JESUS MUNOZ-CASTANON

1  Office within 72 hours of your re-entry and keep that Office informed of each place of residence and any

2  change in your place of residence within 72 hours of any change through your defense counsel.

3      b.    You shall provide to the United States Attorney's Office with written documentation

4  confirming your employment or student status, if requested by the United States.

## SPECIAL CONDITIONS

6      In the event that the United States reinstates criminal prosecution based upon the your violation

7  of this Agreement, you agree to waive any objection based on any applicable statute of limitations,

8  Speedy Trial Act (18 U.S.C. § 3161, et seq.), the Sixth Amendment of the Constitution of the United

9  States, and/or any other provision of federal law that would otherwise apply to the charge set forth in

10  Indictment No. 2:09-CR-407 KJM.

## ACKNOWLEDGMENT OF CONDITIONS AND WAIVER OF RIGHTS

12      **A.**    **Defendant:** I, Jesus Munoz-Castanon, have received and fully read a copy of the

13  Indictment and this Deferred Prosecution Agreement. I read, write, and understand competently the

14  English language. I have carefully reviewed each document with my attorney. Each document has been

15  explained to me by my attorney to my understanding. I understand the Deferred Prosecution

16  Agreement, and I voluntarily agree to it. Further, I have consulted with my attorney regarding this

17  Deferred Prosecution Agreement and my case and fully understand my rights with respect to

18  F.R.Crim.P. 11 and the provisions of the Sentencing Guidelines which may otherwise apply to my case.

19  I assert and certify that I am aware that the Sixth Amendment to the Constitution of the United States

20  provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I

21  also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may

22  dismiss an Indictment, Information, or Complaint for unnecessary delay in presenting a charge to the

23  Grand Jury, filing an Indictment, or in bringing a defendant to trial. I hereby request the Assistant

24  United States Attorney for the Eastern District of California to defer, and the Court to stay, the

25  prosecution of my case. I agree and consent that any delay from the date of this Agreement to the date

26  of re-initiation of any prosecution, as provided for in the terms expressed herein, shall be deemed to be a

27  necessary delay at my request and shall be excluded from computation of time within which the trial of

28

4

DEFERRED PROSECUTION AGREEMENT RE:
JESUS MUNOZ-CASTANON

1   my case must be commenced under the Speedy Trial Act, 18 U.S.C. § 3161(h)(2). In addition, I waive
2   any defense to such prosecution on the ground that such delay operated to deny my rights under Rule
3   48(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act, the Sixth Amendment to the
4   Constitution of the United States, and/or any other provision of federal law to a speedy trial, or to bar the
5   prosecution by reason of the running of the statute of limitations for a period of months equal to the
6   period of this Agreement. No promises or inducements have been made to me, other than those
7   contained in this Deferred Prosecution Agreement. In addition, no one has threatened or forced me in
8   any way to enter into this Deferred Prosecution Agreement. I am satisfied with the representation and
9   effectiveness of my attorney in this case. I do not need or desire any additional time to review this
10  Deferred Prosecution Agreement or to discuss it with my attorney.

11  DATED: _/0 - /4_____, 2015

    JESUS MUNOZ-CASTANON
12  Defendant

13

14

15  **B.**    **Defense Counsel:** I am defendant's attorney. I represent that my client has received a
16  copy of the Indictment and this Deferred Prosecution Agreement. I fully explained, and my client has
17  acknowledged to me understanding, each of these documents, and his rights, including those rights
18  contained in F.R.Crim.P. 11. I have fully discussed with my client, and answered his questions
19  regarding, the provisions of the Sentencing Guidelines which may apply to defendant's case. To my
20  knowledge, his decision to enter into this Deferred Prosecution Agreement is an informed and voluntary
21  one. The Deferred Prosecution Agreement accurately and completely sets forth the entirety of the

22  ///

23  ///

24  ///

25

26

27

28

5

DEFERRED PROSECUTION AGREEMENT RE:
JESUS MUNOZ-CASTANON

1   agreement. I concur in my client's decision to enter into this Deferred Prosecution Agreement. Based

2   on my dealings with defendant, I believe he is mentally competent to enter into this Deferred

3   Prosecution Agreement.

4

5   DATED: ___1·8 - 14___, 2015                                                            CARL LARSON

6                                                                    Attorney for defendant
                                                                   Jesus Munoz-Castanon

7

8   **C.**    **Attorney for United States:** I accept and agree to this Deferred Prosecution Agreement

9   on behalf of the United States.

10   DATED: _October 14_, 2015                                   BENJAMIN B. WAGNER

11                                                                   United States Attorney

12                                 By:

13                                                         SAMUEL WONG
                                                        Assistant United States Attorney

14

15                                                **ORDER**

16       The Court having received, reviewed, and considered this Deferred Prosecution Agreement, and

17   good cause appearing therefrom, the Court hereby approves of this Agreement for the purposes of

18   allowing defendant Jesus Munoz-Castanon to demonstrate his good conduct within the meaning of 18

19   U.S.C. § 3161(h)(2).  The Court orders the prosecution of this case shall be stayed until October 12,

20   2016, and time from the date of this Agreement and Order until October 12, 2016, shall be excluded

21   from computation of time within which the trial of this case must be commenced.

22       IT IS FURTHER ORDERED that the presently set November 9, 2015, trial for defendant Jesus

23   Munoz-Castanon only is hereby vacated.

24       It is so ORDERED.

25

26   KIMBERLY J. MUELLER                                 10/14/15

27   United States District Judge                              DATE

28

                                                        6

DEFERRED PROSECUTION AGREEMENT RE:
JESUS MUNOZ-CASTANON